THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLY HARRIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>GENERAL MOTORS LLC, a Delaware limited liability company,<br><br>    Defendant. | Case No. 2:20-CV-00257-TSZ<br><br>**DEFENDANT GENERAL MOTORS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS**<br><br>**NOTE ON MOTION CALENDAR: JULY 17, 2020** |

DEFENDANT GENERAL MOTORS' MOTION TO
DISMISS CLASS ACTION COMPLAINT AND TO
STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-
CV-00257-TSZ - 1

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ........................................................... 1

FACTUAL BACKGROUND .............................................. 2

LEGAL STANDARD ..................................................... 3

ARGUMENT ................................................................ 4

I.    PLAINTIFF DOES NOT STATE AN EXPRESS WARRANTY CLAIM. ................. 4

    A.    GM's Limited Warranty Does Not Cover The Alleged Defect. ..................... 4

    B.    Plaintiff Does Not Allege That A Defect Manifested In His Vehicle During The Warranty Period. ................................................ 5

II.    THERE IS NO VIABLE MMWA CLAIM. ................................................. 6

III.    PLAINTIFF'S FRAUDULENT OMISSION CLAIM FAILS ON MULTIPLE GROUNDS. ................................................................. 6

    A.    Plaintiff's Fraudulent Omission Claim Is Preempted by The Washington Products Liability Act. ............................................ 6

    B.    The Complaint Does Not Meet The Particularity Requirements Of Rule 9(b). ........................................................... 7

    C.    Plaintiff Does Not Allege GM Had Knowledge Of A Defect At The Time Of Sale. ......................................................... 8

    D.    Plaintiff Does Not Allege That GM Had A Duty To Disclose. ..................... 11

    E.    Plaintiff Cannot Show Reliance, Causation, or Injury. ................................. 12

IV.    PLAINTIFF DOES NOT HAVE A VIABLE WASHINGTON CONSUMER PROTECTION ACT CLAIM. ................................................ 13

    A.    Plaintiff Does Not Adequately Plead Deceptive Conduct, Causation, or Injury. ............................................................ 13

    B.    Plaintiff Does Not Allege That GM Had Knowledge Of A Defect At The Time Of Sale. ................................................ 13

    C.    Plaintiff Does Not Have Standing To Seek Injunctive Relief. ...................... 13

V.    PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS. ...................................... 14

DEFENDANT GENERAL MOTORS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-CV-00257-TSZ - i

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

VI.   THE COURT SHOULD STRIKE PLAINTIFF'S NATIONWIDE CLASS ALLEGATIONS ................................................................................................ 14

CONCLUSION ................................................................................................ 16

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acedo v. DMAX, Ltd. & Gen. Motors LLC*,
No. CV 15-02443 MMM, 2015 WL 12696176 (C.D. Cal. Nov. 13, 2015) ...................... 5

*Allyis, Inc. v. Schroder*,
197 Wash. App. 1082 (2017) ......................................................................... 14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................... 3

*Babb v. Regal Marine Indus., Inc.*,
179 Wash. App. 1036 (Feb. 20, 2014), *review granted,
remanded on other grounds*, 180 Wash. 2d 1021 (2014) .................................. 8

*Baugh v. Johnson & Johnson*,
No. C15-5283 BHS, 2015 WL 4759151 (W.D. Wash. Aug. 12, 2015) ................... 3, 7, 8

*Beaty v. Ford Motor Co.*,
No. C17-2501RBL, 2018 WL 3320854 (W.D. Wash. Jan. 16, 2018) ............................... 5

*Beck v. FCA US LLC*,
273 F. Supp. 3d 735 (E.D. Mich. 2017) ........................................................... 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................... 3

*Berenblat v. Apple, Inc.*,
Nos. 08-4969 JF (PVT), 09-1649 JF (PVT), 2010 WL 1460297
(N.D. Cal. Apr. 9, 2010).............................................................................. 10

*Blangers v. United States Seamless, Inc.*,
725 Fed. App'x 511 (9th Cir. 2018)................................................................. 8

*Cadena v. Am. Honda Motor Co.*,
No. CV 18-4007-MWF, 2019 WL 3059931 (C.D. Cal. May 29, 2019)........................... 6

*Cashatt v. Ford Motor Co.*,
No. 3:19-CV-05886-RBL, 2020 WL 1987077
(W.D. Wash. Apr. 27, 2020) ...................................................................... 4, 7

DEFENDANT GENERAL MOTORS' MOTION TO
DISMISS CLASS ACTION COMPLAINT AND TO
STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-
CV-00257-TSZ - iii

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

*Cholakyan v. Mercedes-Benz USA, LLC*,
    281 F.R.D. 534 (C.D. Cal. 2012) ................................................................... 11

*Coe v. Philips Oral Healthcare Inc.*,
    No. C13-518-MJP, 2014 WL 722501 (W.D. Wash. Feb. 24, 2014)................... 6

*Cole v. Gen. Motors Corp.*,
    484 F.3d 717 (5th Cir. 2007).......................................................................... 15

*Davidson v. Apple*,
    No. 16-CV-04942-LHK, 2017 WL 976048 (N.D. Cal. Mar. 14, 2017) ............ 4

*Durso v. Samsung Elecs. Am., Inc.*,
    No. 2:12-cv-05352 (DMC)(JBC), 2013 WL 5947005
    (D.N.J. Nov. 6, 2013) ..................................................................................... 10

*Erlandson v. Ford Motor Co.*,
    No. 08-CV-1137-BR, 2009 WL 3672898 (D. Or. Oct. 30, 2009) ................... 11

*Feliciano v. Gen. Motors LLC*,
    No. 14 Civ. 06374, 2016 WL 9344120 (S.D.N.Y. Mar. 31, 2016)................... 5

*Fid. Mortg. Corp. v. Seattle Times Co.*,
    213 F.R.D. 573 (W.D. Wash. 2003) ........................................................... 3, 13

*In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*,
    966 F. Supp. 1525 (E.D. Mo. 1997)................................................................. 5

*In re Gen. Motors LLC Ignition Switch Litig.*,
    257 F. Supp. 3d 372 (S.D.N.Y. 2017), *modified on reconsideration by*,
    Nos. 14-MD-2543 (JMF), 14-MC-2543 (JMF), 2017 WL 3443623
    (S.D.N.Y. Aug. 9, 2017) ................................................................................. 10

*Gertz v. Toyota Motor Corp.*,
    No. CV 10-1089 PSG, 2011 WL 3681647 (C.D. Cal. Aug. 22, 2011)............. 4

*Granillo v. FCA US LLC*,
    Civ. Action No. 16-153 (FLW)(DEA), 2016 WL 9405772
    (D.N.J. Aug. 29, 2016) ................................................................................... 11

*Grodzitsky v. Am. Honda Motor Co.*,
    No. 2:12-cv-1142-SVW-PLA, 2013 WL 690822 (C.D. Cal. Feb. 19, 2013) ................. 11

*Hindsman v. Gen. Motors LLC*,
    No. 17-cv-05337-JSC, 2018 WL 2463113 (N.D. Cal. June 1, 2018) ............... 5

DEFENDANT GENERAL MOTORS' MOTION TO
DISMISS CLASS ACTION COMPLAINT AND TO
STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-
CV-00257-TSZ - iv

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

*Jet Parts Eng'g Inc. v. Quest Aviation Supply, Inc.*,
  No. C15-0530 RSM, 2017 WL 1093205 (W.D. Wash. Mar. 23, 2017) .......................... 14

*Johnson v. Nissan N. Am., Inc.*,
  272 F. Supp. 3d 1168 (N.D. Cal. 2017) ............................................................ 15

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ......................................................................... 7

*Landstar Inway v. Samrow*,
  181 Wash. App. 109 (2014) ............................................................................ 11

*Macias v. Saberhagen Holdings, Inc.*,
  175 Wash. 2d 402 (2012) ................................................................................ 6

*Matanky v. Gen. Motors LLC*,
  370 F. Supp. 3d 772 (E.D. Mich. 2019) ........................................................... 14

*May v. Ford Motor Co.*,
  No. CV 09-165-GFVT, 2011 WL 13234172 (E.D. Ky. Feb. 4, 2011) ............................. 9

*McKee v. Gen. Motors LLC*,
  376 F. Supp. 3d 751 (E.D. Mich. 2019) ........................................................... 15

*Microsoft Corp. v. United States Dep't of Justice*,
  233 F. Supp. 3d 887 (W.D. Wash. 2017) ......................................................... 13

*Miles v. Am. Honda Motor Co.*,
  No. 17 C 4423, 2017 WL 4742193 (N.D. Ill. Oct. 19, 2017) ............................. 15

*Miller v. Gen. Motors LLC*,
  No. 17-cv-14032, 2018 WL 2740240 (E.D. Mich. June 7, 2018) ................................. 14

*In re Motors Liquidation Co.*,
  No. 09-50026 (REG), 2013 WL 620281 (Bankr. S.D.N.Y. Feb. 19, 2013) ...................... 5

*Nat'l Sur. Corp. v. Immunexcorp.*,
  162 Wash. App. 762 (2011) ............................................................................ 14

*Nunez v. Saks Inc.*,
  771 F. App'x 401 (9th Cir. 2019) ..................................................................... 14

*Oom v. Michaels Cos.*,
  No. 1:16-cv-257, 2017 WL 3048540 (W.D. Mich. July 19, 2017)................................. 16

DEFENDANT GENERAL MOTORS' MOTION TO
DISMISS CLASS ACTION COMPLAINT AND TO
STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-
CV-00257-TSZ - v

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

*Oscar v. BMW of N. Am., LLC*,
    274 F.R.D. 498 (S.D.N.Y. 2011) ............................................................ 16

*Pilgrim v. Gen. Motors Co.*,
    No. CV 15-8047-JFW (EX), 2019 WL 5779892 (C.D. Cal. Oct. 4, 2019) ........................ 6

*Rasnic v. FCA US LLC*,
    No. 17-cv-2064-KHV, 2017 WL 6406880 (D. Kan. Dec. 15, 2017).............................. 15

*Resnick v. Hyundai Motor Am., Inc.*,
    No. CV 16-00593-BRO, 2016 WL 9455016 (C.D. Cal. Nov. 14, 2016)........................... 10

*Rosipko v. FCA US, LLC*,
    No. 15-11030, 2015 WL 8007649 (E.D. Mich. Dec. 7, 2015) ................................. 15

*Savchenko v. Icicle Seafoods, Inc.*,
    No. C11-2081-JCC, 2013 WL 12069045 (W.D. Wash. Mar. 12, 2013) ........................... 12

*Schechner v. Whirlpool Corp.*,
    237 F. Supp. 3d 601 (E.D. Mich. 2017) ...................................................... 5

*In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*,
    No. MDL-1703, Nos. 05 4742, 05 C 2623, 2009 WL 937256
    (N.D. Ill. Apr. 6, 2009) ...................................................................... 8

*Sloan v. Gen. Motors LLC*,
    No. 16-cv-07244-EMC, 2017 WL 3283998 (N.D. Cal. Aug. 1, 2017) ......................... 4, 5

*Sloan v. Gen. Motors LLC*,
    No. 16-CV-07244-EMC, 2019 WL 6612221 (N.D. Cal. Dec. 5, 2019) ........................... 6

*Stevenson v. Mazda Motor of Am., Inc.*,
    Civ. Action No. 14-cv-5250 (FLW)(DEA), 2015 WL 3487756
    (D.N.J. June 2, 2015) ....................................................................... 10

*Storey v. Attends Healthcare Prods., Inc.*,
    No. 15-cv-13577, 2016 WL 3125210 (E.D. Mich. June 3, 2016) ............................... 8

*Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc.*,
    No. CIV.A 04-CV-11836-R, 2007 WL 776428 (D. Mass. Mar. 15, 2007)
    *aff'd* 524 F.3d 315 (1st Cir. 2008).......................................................... 9

*Vitt v. Apple Comput., Inc.*,
    469 Fed. App'x 605 (9th Cir. 2012).......................................................... 8

DEFENDANT GENERAL MOTORS' MOTION TO
DISMISS CLASS ACTION COMPLAINT AND TO
STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-
CV-00257-TSZ - vi

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

*Wash. Water Power Co. v. Graybar Elec. Co.*,
    112 Wash. 2d 847 (1989) ........................................................... 6

*Wetzel v. CertainTeed Corp.*,
    No. C16-1160JLR, 2019 WL 3976204 (W.D. Wash. Mar. 25, 2019) ............................ 12

*Williams v. Scottrade, Inc.*,
    No. 06-10677, 2006 WL 2077588 (E.D. Mich. July 24, 2006) ......................................... 8

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ......................................................... 10

*Wozniak v. Ford Motor Co.*,
    No. 2:17-CV-12794, 2019 WL 108845 (E.D. Mich. Jan. 4, 2019) .............................. 9, 10

**Statutes**

USC Section 15 U.S.C. § 2310 ........................................................... 6

Wash. Rev. Code Ann. § 7.72.010 ........................................................... 6

**Other Authorities**

Fed. R. Civ. P. 9(b) ..................................................................*passim*

Fed. R. Civ. P. 12(b)(6)........................................................... 3, 4

Fed. R. Civ. P. 23 ........................................................... 2, 15

DEFENDANT GENERAL MOTORS' MOTION TO
DISMISS CLASS ACTION COMPLAINT AND TO
STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-
CV-00257-TSZ - vii

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

## **INTRODUCTION**

Plaintiff is a former owner of a 2012 Chevrolet Silverado truck who "received his Silverado used as part of a separation agreement with a previous employer" and now claims, despite driving his vehicle for many years and tens of thousands of miles, that his vehicle consumed excess oil before he sold it.   Plaintiff brings warranty, fraud, and consumer protection claims against GM based on this alleged oil consumption defect, and seeks to represent a nationwide class of owners and lessees of seven different vehicle models. Plaintiff's claims fail on multiple grounds.

First, plaintiff's express warranty claim (Count 3) cannot proceed because he alleges a design defect not covered under GM's limited warranty, and he does not allege facts showing that his vehicle is within the warranty period or that GM denied him repairs.

Second, the Magnuson-Moss Warranty Act claim (Count 1) cannot proceed because there is no viable state law warranty claim. Plaintiff also cannot meet the MMWA requirements for a class action claim.

Third, plaintiff's fraudulent omission claim (Count 4) fails because it is preempted by the Washington Products Liability Act, and does not meet Rule 9(b)'s particularity requirements. Plaintiff does not allege facts establishing that GM had knowledge of the alleged defect at the time he received his vehicle or that GM owed him a duty to disclose, precluding any fraud-based claim. Plaintiff also does not establish injury, reliance, or causation.

Fourth, plaintiff's consumer protection claim (Count 2) likewise does not satisfy the pleading requirements of Rule 9(b). Plaintiff's Washington Consumer Protection Act claim cannot proceed for the additional reasons that he cannot establish the requisite elements of injury or causation, or that GM had knowledge of the alleged defect at the time of sale. Plaintiff also lacks standing to seek injunctive relief because he does not allege a likelihood of continuing or future harm.

DEFENDANT GENERAL MOTORS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-CV-00257-TSZ - 1

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

Fifth, plaintiff's unjust enrichment claim (Count 5) is precluded by GM's express written warranty and adequate remedies at law. This claim also fails because plaintiff never purchased or leased his vehicle and therefore did not confer a benefit on GM.

Finally, the nationwide MMWA class allegations should be stricken because plaintiff lacks standing to assert a MMWA claim under the laws of states in which he does not reside and suffered no injury. A nationwide MMWA claim would also be governed by the laws of all fifty states, and substantive variations in state laws defeat the commonality, predominance, and superiority requirements of Rule 23.

## **FACTUAL BACKGROUND**

Plaintiff Kelly Harris is a Washington resident who owned a used, model year 2012 Chevrolet Silverado, which he received in 2012 from his former employer as part of a separation agreement. Compl. ¶¶ 24-25. Plaintiff alleges that his vehicle was equipped with a Generation IV 5.3 liter V8 Vortec 5300 LC9 engine ("Gen IV LC9 engine"). *Id.* ¶ 25. Plaintiff alleges that he first became aware that his vehicle was consuming excess oil in late 2015. *Id.* at ¶ 26. Although plaintiff alleges that he took his vehicle into a Chevrolet dealership on unspecified occasions for spark plug issues, and that he was once informed the vehicle was low on oil and had fouled spark plugs, he does not allege that this occurred during the warranty period or that GM failed to repair the vehicle. *Id.* at ¶ 29.

Plaintiff alleges generically that GM was aware of the alleged oil consumption defect, but pleads no facts in support. He does not identify any GM statements specifically related to the alleged oil consumption defect. *Id.* ¶¶ 108-29. Rather he cites GM advertisements and public statements that generally reference the performance, power, and fuel economy of GM's vehicles. *Id.* Plaintiff also does not allege that he saw or relied on any of these specific materials in making a purchase, nor could he, as he never actually purchased his vehicle. *Id.* ¶ 25.

Plaintiff alleges five causes of action: (i) violation of the MMWA, (ii) violation of the

DEFENDANT GENERAL MOTORS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-CV-00257-TSZ - 2

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

Washington Consumer Protection Act, (iii) breach of express warranty, (iv) fraudulent omission, and (v) unjust enrichment.  *Id.* ¶¶ 153-210.  Plaintiff seeks to represent classes of nationwide and Washington owners and lessees of certain model year 2010-2014 Chevrolet and GMC vehicles equipped with Gen IV LC9 engines ("Class Vehicles").[1] Even though he did not purchase or otherwise pay for his 2012 Silverado (having received it from his former employer), plaintiff alleges that he suffered "ascertainable loss" because he "would not have purchased" his vehicle or "would have paid less" for it had the alleged oil consumption defect been disclosed.  *Id.* ¶ 180.  Plaintiff seeks injunctive relief, as well as costs, restitution, pre and post-judgment interest, and damages, including punitive damages. *Id.* at Request for Relief, p. 67.

## LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6), a plaintiff must provide grounds for relief which "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).  Although well-pleaded factual allegations are assumed to be true, a court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Claims sounding in fraud, including fraudulent omission and statutory consumer protection claims, must also meet Rule 9(b)'s heightened pleading standard. *See Baugh v. Johnson & Johnson*, No. C15-5283 BHS, 2015 WL 4759151, at *3 (W.D. Wash. Aug. 12, 2015) (fraudulent concealment); *Fid. Mortg. Corp. v. Seattle Times Co.*, 213 F.R.D. 573, 575 (W.D. Wash. 2003) (Washington Consumer Protection Act). Plaintiffs must plead those

---

[1] The Class Vehicles include: 2010-14 Chevrolet Avalanche, 2010-13 Chevrolet Silverado, 2010-14 Chevrolet Suburban, 2010-14 Chevrolet Tahoe, 2010-13 GMC Sierra, 2010-14 GMC Yukon, and 2010-14 GMC Yukon XL.  *Id.* ¶ 2.

DEFENDANT GENERAL MOTORS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-CV-00257-TSZ - 3

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

claims with particularity and identify the who, what, when, where, and how of the alleged fraudulent conduct. Fed. R. Civ. P. 9(b).

When the defendant challenges class certification based solely on the allegations in the complaint, the standard is the same as that applied in deciding a motion to dismiss under Rule 12(b)(6).  *Cashatt v. Ford Motor Co.*, No. 3:19-CV-05886-RBL, 2020 WL 1987077, at *4 (W.D. Wash. Apr. 27, 2020).

## ARGUMENT

### I.        PLAINTIFF DOES NOT STATE AN EXPRESS WARRANTY CLAIM.

#### A.        GM's Limited Warranty Does Not Cover The Alleged Defect.

Plaintiff's alleged design defect is not covered by GM's limited warranty, which only covers defects in material or workmanship. Compl. ¶ 184; *see also Sloan v. Gen. Motors LLC*, No. 16-cv-07244-EMC, 2017 WL 3283998, at *8 (N.D. Cal. Aug. 1, 2017) ("[T]he overwhelming weight of state law authority holds that design defects are not covered under [GM's Limited Warranty]").

There are two distinct categories of product defects, manufacturing defects (materials and workmanship) and design defects:

> A manufacturing defect exists when an item is produced in a substandard condition, and such a defect is often demonstrated by showing the product performed differently from other ostensibly identical units of the same product line.  A design defect, in contrast, exists when the product is built in accordance with its intended specifications, but the design itself is inherently defective.

*Davidson v. Apple*, No. 16-CV-04942-LHK, 2017 WL 976048, at *11 (N.D. Cal. Mar. 14, 2017) (internal quotations and citations omitted).

Plaintiff alleges "the 'Oil Consumption Defect'. . . . is an inherent defect in each of the Class Vehicles." *Id.* at ¶ 7. Where, as here, a defect is alleged in all vehicles, the claim is for a *design* defect. *See Gertz v. Toyota Motor Corp.*, No. CV 10-1089 PSG (VBKx), 2011

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

WL 3681647, at *10 (C.D. Cal. Aug. 22, 2011). Thus, an express warranty claim "fails as a matter of law if it alleges a design defect, but is brought under 'an express written warranty covering materials and workmanship.'" *Schechner v. Whirlpool Corp.*, 237 F. Supp. 3d 601, 613 (E.D. Mich. 2017). Numerous courts have enforced the plain language of GM's warranty at the motion to dismiss stage, and specifically held that it covers only defects in "materials and workmanship" (manufacturing defects) and not design defects.[2]

Because plaintiff alleges a design defect not covered by the warranty, he fails to state a claim for breach of express warranty. *Sloan*, 2017 WL 3283998, at *8 (dismissing express warranty claim based on the same alleged defect because the allegations did not fall within the terms of GM's new vehicle limited warranty).

### B. Plaintiff Does Not Allege That A Defect Manifested In His Vehicle During The Warranty Period.

Plaintiff's express warranty claim also cannot proceed because he has not alleged that he experienced the alleged defect and sought repairs from GM during the warranty term. *See Beaty v. Ford Motor Co.*, No. C17-2501RBL, 2018 WL 3320854, at * 4 (W.D. Wash. Jan. 16, 2018). Warranties limited by time or mileage do not cover repairs made after the applicable time has elapsed even if the alleged problem existed prior to the expiration of the express warranty. *Id.* (dismissing express warranty claim based on alleged latent defect where plaintiff did not make a claim until after the warranty period).

---

[2]  *See, e.g. Hindsman v. Gen. Motors LLC*, No. 17-cv-05337-JSC, 2018 WL 2463113, at *6 (N.D. Cal. June 1, 2018) ("As the New Vehicle Limited Warranties cover defects in materials or workmanship they do not cover design defects."); *In re Motors Liquidation Co.*, No. 09-50026 (REG), 2013 WL 620281, at *6 (Bankr. S.D.N.Y. Feb. 19, 2013) ("By its plain terms, the [GM] Warranty does not require New GM to repair defects caused by bad design."); *Acedo v. DMAX, Ltd. & Gen. Motors LLC*, No. CV 15-02443 MMM (ASx), 2015 WL 12696176, at *23 (C.D. Cal. Nov. 13, 2015) (GM warranty "clearly limits coverage to 'defects in materials and workmanship'" and does not cover design defects); *Sloan*, 2017 WL 3283998, at *8; *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 966 F. Supp. 1525, 1532 (E.D. Mo. 1997); *Feliciano v. Gen. Motors LLC*, No. 14 Civ. 06374, 2016 WL 9344120, at *4 (S.D.N.Y. Mar. 31, 2016).

DEFENDANT GENERAL MOTORS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-CV-00257-TSZ - 5

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

## II.      THERE IS NO VIABLE MMWA CLAIM.

The Magnuson-Moss Warranty Act claim (Count 1) fails because plaintiff does not plead viable state law warranty claims. *Coe v. Philips Oral Healthcare Inc.*, No. C13-518-MJP, 2014 WL 722501, at *9 (W.D. Wash. Feb. 24, 2014) ("disposition of the state law warranty claims determines the disposition of the Magnuson-Moss Act claims"). Plaintiff bases his MMWA claim on the same theory as his express warranty claim (*compare* Compl. ¶¶ 168-80 *with* ¶¶ 181-92), and it fails for the same reasons. *Coe*, 2014 WL 722501, at *9 (dismissing MMWA claims because plaintiffs' state law warranty claims were not viable).

In addition, a single plaintiff cannot maintain a class action claim under the MMWA because the statute requires at least 100 named plaintiffs. *See* 15 U.S.C. § 2310(d)(3)(C); *see also Sloan v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2019 WL 6612221, at *8 (N.D. Cal. Dec. 5, 2019); *Pilgrim v. Gen. Motors Co.*, No. CV 15-8047-JFW (EX), 2019 WL 5779892, at *6 (C.D. Cal. Oct. 4, 2019); *Cadena v. Am. Honda Motor Co.*, No. CV 18-4007-MWF (PJWx), 2019 WL 3059931, at *11 (C.D. Cal. May 29, 2019).

## III.      PLAINTIFF'S FRAUDULENT OMISSION CLAIM FAILS ON MULTIPLE GROUNDS.

### A.      Plaintiff's Fraudulent Omission Claim Is Preempted by The Washington Products Liability Act.

The Washington Product Liability Act ("WPLA") creates a "single cause of action for product-related harms that supplants previously existing common law remedies." *Wash. Water Power Co. v. Graybar Elec. Co.*, 112 Wash. 2d 847, 860 (1989); *see also Macias v. Saberhagen Holdings, Inc.*, 175 Wash. 2d 402, 409 (2012). The "WPLA is the exclusive remedy for product liability claims." *Id.* The scope of claims subsumed by the WPLA "could not have been stated more broadly." *Graybar*, 112 Wash. 2d at 854. The WPLA specifically includes claims related to "concealment." Wash. Rev. Code Ann. § 7.72.010(4).

Plaintiff's fraudulent omission claim is based on GM's concealment of an alleged oil consumption defect. Compl. ¶¶ 193-202. Thus, under Washington law, the exclusive remedy

DEFENDANT GENERAL MOTORS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-CV-00257-TSZ - 6

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

for such a claim is the WPLA. *See Cashatt*, 2020 WL 1987077, at *3 (dismissing fraudulent omission claim as preempted by WPLA where plaintiff alleged "that Ford knew about the defect with its vehicles but omitted/concealed that information from Plaintiffs and others, leading them to suffer damages"). Plaintiff's characterization of his omission claim as fraud, does not exempt it from the WPLA, as plaintiff never actually purchased or leased his 2012 Silverado, and therefore, his alleged damages "are inherently connected" to the vehicle itself because they arise from operation not purchase. *Id.* (where plaintiffs did not actually enter into a transaction with Ford but were issued their vehicles from their employer, plaintiffs' damages "could not have arisen purely out of Ford's alleged fraud . . . . Plaintiffs' injuries are inherently connected to Ford's products themselves because they arose from merely operating the vehicles, not buying them. . . . The fraudulent omission claim is preempted by the WPLA and dismissed").

### B. The Complaint Does Not Meet The Particularity Requirements Of Rule 9(b).

Further, the conclusory allegations in the complaint do not meet the heightened pleading standard of Rule 9(b). Rule 9(b) requires plaintiffs to state with particularity "the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The complaint must contain "the who, what, when, where, and how" of any alleged misrepresentation or omission. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *Baughn*, 2015 WL 4759151, at *3.

Here, the complaint does not provide any details about the "who, what, when, where, and how" of any alleged misrepresentation or omission by GM.  Plaintiff does not say whether, where, and how he encountered any specific GM communication; how he was misled; or what GM gained as a result. Plaintiff alleges no facts to establish reliance on any alleged GM omission or to support a causal connection between any alleged GM omission

DEFENDANT GENERAL MOTORS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-CV-00257-TSZ - 7

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

and any claimed injury. Instead, and despite the fact that plaintiff did not actually purchase his 2012 Silverado, but rather received it used from his former employer, he makes the vague and conclusory allegation that he "relied" on GM to disclose the alleged defect to him prior to "sale." Compl. ¶ 199. Even if plaintiff could establish reliance, this bare allegation falls short of Rule 9(b)'s requirements. S*ee In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig*., No. MDL-1703, Nos. 05 4742, 05 C 2623, 2009 WL 937256, at *6 (N.D. Ill. Apr. 6, 2009) ("[P]laintiffs have the burden of alleging specifically which commercials they saw and the content of those commercials").[3]

### C.   Plaintiff Does Not Allege GM Had Knowledge Of A Defect At The Time Of Sale.

To state a fraudulent omission claim, plaintiff must sufficiently allege that GM was aware of the alleged defect at the time he purchased his vehicle. *See Blangers v. United States Seamless, Inc.*, 725 Fed. App'x 511, 514 (9th Cir. 2018) (A fraudulent concealment claim requires, in part, that the seller has knowledge of the concealed defect); *see also Storey v. Attends Healthcare Prods., Inc.*, No. 15-cv-13577, 2016 WL 3125210, at *10 (E.D. Mich. June 3, 2016) (defendants "cannot be faulted for failing to reveal material 'facts' that did not

---

[3]   *See also Williams v. Scottrade, Inc*., No. 06-10677, 2006 WL 2077588, at *7 (E.D. Mich. July 24, 2006) (allegations of "generally" misrepresenting in "advertisements, marketing materials, and sales message[s]" were insufficient); *Baughn*, 2015 WL 4759151, at *3 (dismissing fraud and fraudulent concealment claims where plaintiff "fail[ed] to specifically identify the content of the misrepresentations, when and where the misrepresentations were made, when and where the misrepresentations were relied upon, and to whom the misrepresentations were made"). To the extent plaintiff intends to rely on GM advertisements and public statements about general vehicle performance, power, and fuel economy (Compl. ¶¶ 108-29), those statements are non-actionable sales puffery. *See Vitt v. Apple Comput., Inc.*, 469 Fed. App'x 605, 607 (9th Cir. 2012) (affirming dismissal because claims that products are "reliable," "durable," and "high performance" are not actionable); *see also Babb v. Regal Marine Indus., Inc.*, 179 Wash. App. 1036, at *3 (Feb. 20, 2014), *review granted, remanded on other grounds*, 180 Wash. 2d 1021 (2014) ("General, subjective, unverifiable claims about a product" are non-actionable puffery).

DEFENDANT GENERAL MOTORS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-CV-00257-TSZ - 8

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

exist"). Plaintiff alleges generally that "GM has long known of the Oil Consumption Defect" (Compl. ¶ 18), but he does not identify any concealed facts; who at GM was purportedly aware of these concealed facts; when they learned them; the source of that knowledge; or any specific actions GM took to conceal these facts from him.

### i. Subsequent design changes do not establish GM knowledge.

Plaintiff's attempts to allege GM knowledge are unsuccessful. First, plaintiff alleges that GM's knowledge of the alleged oil consumption defect in the Gen IV LC9 engine can be inferred from changes to the design of the next generation GM V8 engine. *Id.* ¶ 75. The fact that GM made changes when designing subsequent, materially different V8 engines does not establish GM knowledge of a defect in the Gen IV LC9 engine. *See May v. Ford Motor Co.*, No. CV 09-165-GFVT, 2011 WL 13234172, at *1 (E.D. Ky. Feb. 4, 2011) (rejecting implication of defect based on evidence of subsequent design changes); *Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc.*, No. CIV.A 04-CV-11836-R, 2007 WL 776428, at *5 (D. Mass. Mar. 15, 2007) *aff'd* 524 F.3d 315 (1st Cir. 2008) ("Caterpillar's effort to improve on a piece of equipment [cannot] be viewed as evidence that unimproved equipment was negligently designed or manufactured."). Allegations of later design changes also do not support GM's knowledge of a defect years earlier when plaintiff's vehicle was sold (to someone other than plaintiff).

### ii. Consumer complaints and service bulletins do not establish GM knowledge.

Plaintiff alleges that a statistically insignificant number of complaints submitted to NHTSA or posted on third-party websites establish GM's knowledge of the alleged oil consumption defect. Compl. ¶¶ 82-105 (describing 102 consumer complaints out of hundreds of thousands of vehicles sold). Courts routinely reject allegations of consumer complaints as insufficient to show a defendant's pre-sale knowledge. *See, e.g., Wozniak v. Ford Motor Co.*,

DEFENDANT GENERAL MOTORS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-CV-00257-TSZ - 9

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

No. 2:17-CV-12794, 2019 WL 108845, at *3 (E.D. Mich. Jan. 4, 2019) (allegations of "negative reviews on third-party forum websites and [NHTSA] complaints" insufficient to show knowledge); *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1147 (9th Cir. 2012) ("[C]ustomer complaints in and of themselves [do not] adequately support an inference that a manufacturer was aware of a defect. . . .").

Even large numbers of complaints posted on a manufacturer's own website have been found insufficient because they "merely establish the fact that some consumers were complaining." *Berenblat v. Apple, Inc.,* Nos. 08-4969 JF (PVT), 09-1649 JF (PVT), 2010 WL 1460297, at *9 (N.D. Cal. Apr. 9, 2010) (hundreds of customer complaints posted on defendant's website "at most" established knowledge of a problem, not of a defect); *see also Resnick v. Hyundai Motor Am., Inc.*, No. CV 16-00593-BRO (PJWx), 2016 WL 9455016, at *13 (C.D. Cal. Nov. 14, 2016) ("these complaints merely establish that several customers had issues with their specific vehicles, not that there was a widespread defect affecting all Hyundais"). And here, plaintiff does not allege that GM monitored the websites or that it saw the posts in question. *See Wozniak*, 2019 WL 108845, at *3 ("Plaintiffs' general assertions of Defendant's knowledge without any alleged facts that Defendant was even aware of the complaints do not rise above mere speculation").

Also, to the extent these complaints were posted *after* plaintiff received his vehicle, or do not concern the vehicle that he owned, or do not address the specific defect at issue, they cannot show knowledge of the alleged defect at the time of plaintiff's receipt of the vehicle. *See In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 412 (S.D.N.Y. 2017), *modified on reconsideration by*, Nos. 14-MD-2543 (JMF), 14-MC-2543 (JMF), 2017 WL 3443623 (S.D.N.Y. Aug. 9, 2017); *Beck v. FCA US LLC*, 273 F. Supp. 3d 735, 753-54 (E.D. Mich. 2017); *Stevenson v. Mazda Motor of Am., Inc.*, Civ. Action No. 14-cv-5250 (FLW)(DEA), 2015 WL 3487756, at *7 (D.N.J. June 2, 2015); *Durso v. Samsung Elecs. Am., Inc.*, No. 2:12-cv-05352 (DMC)(JBC), 2013 WL 5947005, at * 10 (D.N.J.

DEFENDANT GENERAL MOTORS' MOTION TO
DISMISS CLASS ACTION COMPLAINT AND TO
STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-
CV-00257-TSZ - 10

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

Nov. 6, 2013); *Grodzitsky v. Am. Honda Motor Co.*, No. 2:12-cv-1142-SVW-PLA, 2013 WL 690822, at *6-7 (C.D. Cal. Feb. 19, 2013). Here, only one complaint concerns a 2012 Chevrolet Silverado—the make and model year vehicle formerly owned by plaintiff—and it is dated years after plaintiff received his vehicle. *Compare* Compl. ¶ 25 *with* ¶ 99; *see also Granillo v. FCA US LLC*, Civ. Action No. 16-153 (FLW)(DEA), 2016 WL 9405772, at *9 (D.N.J. Aug. 29, 2016) (reviews could not support knowledge on date of purchase "because they were posted after this date").

Plaintiff points to GM service bulletins recommending certain diagnostic and service procedures to be used when a customer complains of oil consumption in a higher mileage vehicle. The technical service bulletins plaintiff cites alert dealerships of *potential* customer complaints, and they do not suggest that all Class Vehicles had issues or required repairs, or suggest that the oil consumption experienced by consumers was the result of any defect. *Cholakyan v. Mercedes-Benz USA, LLC*, 281 F.R.D. 534, 545 (C.D. Cal. 2012); *Erlandson v. Ford Motor Co.*, No. 08-CV-1137-BR, 2009 WL 3672898, *4 (D. Or. Oct. 30, 2009) ("TSB does not constitute an admission by Defendant that a defect exists in all Windstars because it is no more than a recommended repair method for Windstars experiencing problems").

### D.       Plaintiff Does Not Allege That GM Had A Duty To Disclose.

Plaintiff does not allege that GM failed to provide information that it had a duty to disclose, a necessary element of his fraudulent omission claim. *See Landstar Inway v. Samrow*, 181 Wash. App. 109, 124 (2014).

Plaintiff alleges generically that GM owed him a duty to disclose because GM knew that consumers "could not have reasonably been expected to know" of the alleged oil consumption defect. Compl. ¶ 196. This assertion is belied by plaintiff's many allegations of public information about the alleged defect, such as the complaints to NHTSA and on third-party websites. *Id.* ¶¶ 82-105 (quoting and citing publicly-available materials). Although plaintiff declares that GM "concealed . . . critical information" from him, he does not identify

DEFENDANT GENERAL MOTORS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-CV-00257-TSZ - 11

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

who specifically at GM was purportedly aware of any concealed facts, the source of that knowledge, or any actions GM took to conceal the facts. *Id.* ¶ 135. A court need not consider legal conclusions of duty to be true without factual allegations supporting that conclusion. *See Savchenko v. Icicle Seafoods, Inc.*, No. C11-2081-JCC, 2013 WL 12069045, at *2 (W.D. Wash. Mar. 12, 2013) (refusing to accept legal conclusions "couched as factual allegations" that lacked any actual facts in support).

The fact that plaintiff never actually purchased or leased his vehicle further precludes the finding of a duty to disclose. Under Washington law, "some type of special relationship must exist" before a duty to disclose will arise. *Wetzel v. CertainTeed Corp.*, No. C16-1160JLR, 2019 WL 3976204, at * 5 (W.D. Wash. Mar. 25, 2019) (quoting *Colonial Imports, Inc. v. Carlton Nw. Inc.*, 853 P.2d 913, 917-18 (Wash. 1993)).[4]

**E.      Plaintiff Cannot Show Reliance, Causation, or Injury.**

Plaintiff does not allege that he actually purchased, leased, or otherwise paid for his 2012 Silverado. Instead, he received it from a former employer as part of a separation agreement. *See* Compl. ¶ 25. Any claim that plaintiff "relied" on GM advertisements in making a purchase, or that he suffered loss in the form of overpayment are therefore implausible, and his fraud claim should be dismissed.

---

[4]   Even if plaintiff had purchased his vehicle from an independent dealership, this would still not give rise to a duty to disclose. Courts in Washington refuse to impose a duty to disclose on remote manufacturers for individual consumers who purchased products through independent wholesalers, distributors, or retailers. *See, e.g.*, *Wetzel*, 2019 WL 3976204, at *1, 5 (where manufacture sold product only to wholesalers and distributors, any relationship between manufacturer and purchaser was "simply too tenuous" to support a duty to disclose).

DEFENDANT GENERAL MOTORS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-CV-00257-TSZ - 12

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

IV.     **PLAINTIFF DOES NOT HAVE A VIABLE WASHINGTON CONSUMER PROTECTION ACT CLAIM.**

A.     **Plaintiff Does Not Adequately Plead Deceptive Conduct, Causation, or Injury.**

Plaintiff's conclusory allegations also do not adequately plead the elements of his consumer protection claim with the requisite specificity. *Fidelity Mortgage*, 213 F.R.D. at 575 (applying Rule 9(b) to a claim under the Washington Consumer Protection Act). Plaintiff must specifically allege deceptive advertising, causation, and injury, but here plaintiff does not allege personally encountering, relying on, or purchasing his vehicle as a result of any specific GM advertisements. In fact, plaintiff never purchased or paid for his vehicle at all. He received it from his former employer as part of a separation agreement. *See* Compl. ¶ 25. Lacking facts to support a consumer protection claim, plaintiff resorts to conclusory allegations that GM generally misrepresented vehicles in brochures, advertisements, other marketing materials, and publications. *Id.* ¶¶ 110-27. Even if plaintiff could establish the requisite elements of his cause of action, these bare allegations fall short of Rule 9(b)'s requirements. *See, e.g.*, *Fidelity Mortgage*, 213 F.R.D. at 575 (dismissing CPA claim where "complaint fail[ed] to 'give particulars as to the respect in which plaintiff contend[ed] the statements [were] fraudulent'"; in other words, why the information at issue was false or misleading).

B.     **Plaintiff Does Not Allege That GM Had Knowledge Of A Defect At The Time Of Sale.**

Plaintiff's Washington Consumer Protection Act claim should be dismissed for the additional reason that he does not sufficiently allege GM knowledge at the time of sale (*see* Section III.C above).

C.     **Plaintiff Does Not Have Standing To Seek Injunctive Relief.**

Plaintiff lacks standing to obtain injunctive relief because he cannot establish a likelihood of future or continuing harm. *See Microsoft Corp. v. United States Dep't of*

DEFENDANT GENERAL MOTORS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-CV-00257-TSZ - 13

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

*Justice*, 233 F. Supp. 3d 887, 898 (W.D. Wash. 2017). Plaintiff does not allege that he intends to purchase a Class Vehicle and thus does not allege a risk of future harm. *See Nunez v. Saks Inc.*, 771 F. App'x 401, 402 (9th Cir. 2019); *see also Matanky v. Gen. Motors LLC*, 370 F. Supp. 3d 772, 801 (E.D. Mich. 2019).

## V.     PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS.

Plaintiff's unjust enrichment claim (Count 5) cannot proceed for three reasons. First, Washington law prohibits unjust enrichment where there is an express contract. *See Miller v. Gen. Motors LLC*, No. 17-cv-14032, 2018 WL 2740240, at *15 (E.D. Mich. June 7, 2018) (dismissing unjust enrichment claims under Washington law). Here, plaintiff alleges the existence of a written GM warranty covering his vehicle. Compl. ¶¶ 160, 184.

Second, unjust enrichment claims are barred as a matter of law by adequate legal remedies. *See Jet Parts Eng'g Inc. v. Quest Aviation Supply, Inc.*, No. C15-0530 RSM, 2017 WL 1093205, at *8 (W.D. Wash. Mar. 23, 2017). Here, the same alleged conduct underlies plaintiff's unjust enrichment claim and his consumer protection, fraudulent omission, and warranty claims. *Compare* Compl. ¶¶ 203-10 *with* ¶¶ 153-202.

Third, unjust enrichment is not viable because plaintiff never actually purchased or leased his vehicle (having received it from his former employer),and therefore plaintiff did not confer any benefit on GM. *See Nat'l Sur. Corp. v. Immunexcorp.*, 162 Wash. App. 762, 778 n.11 (2011) ("a party must show a benefit conferred upon the defendant by the plaintiff"); *see also Allyis, Inc. v. Schroder*, 197 Wash. App. 1082 (2017) (rejecting plaintiff's argument that it need not directly confer benefit on defendant for unjust enrichment claim to succeed).

## VI.     THE COURT SHOULD STRIKE PLAINTIFF'S NATIONWIDE CLASS ALLEGATIONS

Plaintiff's "nationwide" class action claim under the MMWA is untenable for multiple reasons. First, as explained in Section II, this case lacks the required 100 plaintiffs

DEFENDANT GENERAL MOTORS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-CV-00257-TSZ - 14

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

for a class action claim under the MMWA.

Second, plaintiff, as an individual Washington resident, lacks standing to represent putative class members from other states. *See, e.g.*, *McKee v. Gen. Motors LLC*, 376 F. Supp. 3d 751, 755 (E.D. Mich. 2019) (dismissing claims under laws of twenty-six states in which no named plaintiff resided or purchased the relevant product); *Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1175 (N.D. Cal. 2017) (dismissing nationwide MMWA claim for lack of standing).

Third, a nationwide MMWA claim depends on underlying state warranty law in all fifty states (*see Rosipko v. FCA US, LLC*, No. 15-11030, 2015 WL 8007649, at *5 (E.D. Mich. Dec. 7, 2015)), and the variations in state law would defeat the commonality, predominance, and superiority requirements of Rule 23. Variations in state law warranty laws include: "(1) whether plaintiffs must demonstrate reliance, (2) whether plaintiffs must provide notice of breach, (3) whether there must be privity of contract, (4) whether plaintiffs may recover for unmanifested vehicle defects, (5) whether merchantability may be presumed and (6) whether warranty protections extend to used vehicles." *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 726 (5th Cir. 2007) (denying nationwide class certification); *Rasnic v. FCA US LLC*, No. 17-cv-2064-KHV, 2017 WL 6406880, at *10 (D. Kan. Dec. 15, 2017) (striking class allegations because "[i]f a nationwide class seeks relief under the MMWA . . . , the Court would potentially have to apply different state laws to each respective plaintiff's claim. Differences in state laws governing each claim would create manageability concerns prohibiting class certification"). Accordingly, courts generally strike nationwide MMWA claims for this reason. *See, e.g.*, *Rasnic*, 2017 WL 6406880, at *10 (striking class allegations because "[d]ifferences in state laws governing each [MMWA] claim would create manageability concerns"); *Miles v. Am. Honda Motor Co.*, No. 17 C 4423, 2017 WL 4742193, at *5 (N.D. Ill. Oct. 19, 2017) (striking nationwide MMWA allegations because "[a]pplying the warranty . . . laws of 50 different states, or even the 4 states that the name

DEFENDANT GENERAL MOTORS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-CV-00257-TSZ - 15

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

plaintiffs represent, is unmanageable on a class-wide basis"); *Oom v. Michaels Cos.*, No. 1:16-cv-257, 2017 WL 3048540, at *7 (W.D. Mich. July 19, 2017) (striking nationwide MMWA claim); *Oscar v. BMW of N. Am., LLC*, 274 F.R.D. 498, 509 (S.D.N.Y. 2011) (refusing to certify "nationwide class[] under the MMWA" because "differences in state laws [would] predominate over common questions").

## <u>CONCLUSION</u>

For these reasons, GM respectfully requests dismissal of all claims.

Dated this 25th day of June, 2020.

SCHWABE, WILLIAMSON & WYATT, P.C.

By:   /s/ Jennifer L. Campbell
       Jennifer L. Campbell, WSBA #31703
       Email:  jcampbell@schwabe.com
       1420 5th Avenue, Suite 3400
       Seattle, WA  98101-4010

CROWELL & MORING LLP

By:   /s/ Kathleen Taylor Sooy
       Kathleen Taylor Sooy
       *(pending pro hac vice)*
       Email: ksooy@crowell.com

By:   /s/ April N. Ross
       April N. Ross *(pending pro hac vice)*
       Email: aross@crowell.com
       1001 Pennsylvania Avenue NW
       Washington, District of Columbia 20004

       *Attorneys for General Motors LLC*

DEFENDANT GENERAL MOTORS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS-CASE NO. 2:20-CV-00257-TSZ - 16

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

## CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury, under the laws of the State of Washington, that the following is true and correct:

That on the 25th day of June, 2020, I arranged for service of the foregoing **DEFENDANT GENERAL MOTORS' MOTION TO DISMISS CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS** to the parties to this action via the Court's CM/ECF system as follows:

| | |
|---|---|
| Kim D. Stephens, WSBA #11984<br>kstephens@tousley.com<br>Kaleigh Powell, WSBA #52684<br>kpowell@tousley.com<br>TOUSLEY BRAIN STEPHENS PLLC<br>1700 Seventh Avenue, Suite 2200<br>Seattle, WA 98101<br>***Attorneys for Plaintiff and the Proposed Class*** | Adam J. Levitt *(pending pro hac vice)*<br>alevitt@dicellolevitt.com<br>John E. Tangren *(pending pro hac vice)*<br>jtangren@dicellolevitt.com<br>Daniel R. Ferri *(pending pro hac vice)*<br>dferri@dicellolevitt.com<br>DICELLO LEVITT GUTZLER LLC<br>Ten North Dearborn Street, 11th Floor<br>Chicago, IL 60602<br>***Attorneys for Plaintiff and the Proposed Class*** |
| W. Daniel "Dee" Miles, III *(admitted pro hac vice)*<br>Dee.Miles@BeasleyAllen.com<br>H. Clay Barnett, III *(admitted pro hac vice)*<br>Clay.Barnett@BeasleyAllen.com<br>J. Mitch Williams *(admitted pro hac vice)*<br>Mitch.Williams@BeasleyAllen.com<br>BEASLEY, ALLEN, CROW, METHVIN,<br>PORTIS & MILES, P.C.<br>272 Commerce Street<br>Montgomery, AL 36104<br>***Attorneys for Plaintiff and the Proposed Class*** | Kathleen Taylor Sooy *(pending pro hac vice)*<br>ksooy@crowell.com<br>April N. Ross *(pending pro hac vice)*<br>aross@crowell.com<br>CROWell & MORING LLP<br>1001 Pennsylvania Ave., N.W.<br>Washington, DC 20004<br>***Attorneys for General Motors LLC*** |

/s/ Jennifer L. Campbell
/s/ Jennifer L. Campbell, WSBA #31703

CERTIFICATE OF SERVICE - 1

DCACTIVE-54871913.2