1

2

3

4

5

6

Hon. Thomas S. Zilly

7

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

KELLY HARRIS, individually and on behalf of
all others similarly situated,

Plaintiff,

11

v.

12

13

GENERAL MOTORS LLC, a Delaware limited
liability company,

Defendant.

14

NO. 20-cv-00257 TSZ

**PLAINTIFF'S MOTION FOR
PARTIAL RECONSIDERATION OF
THE COURT'S ORDER
GRANTING DEFENDANT'S
MOTION TO DISMISS**

**NOTE ON MOTION CALENDAR:
September 16, 2020**

15

16

17

18

19

20

Pursuant to Fed. R. Civ. P. 60 and Local Civil Rule 7(h), Plaintiff Kelly Harris respectfully moves for partial reconsideration of the Court's Order (Dkt No. 33) granting Defendant General Motors LLC's ("GM") motion to dismiss.  Specifically, Plaintiff requests that the Court reconsider that portion of its Order dismissing Plaintiff's fraudulent omission claim with leave to replead as a Washington Products Liability Act claim.  Plaintiff Harris requests leave to replead a fraudulent omission cause of action.

21

## Background

22

23

Plaintiff alleges that GM's trucks and SUVs with the Generation IV Vortec 5300 engine, including his 2012 Silverado, consume an abnormal and improperly high amount of oil that far exceeds industry standards and the expectation of reasonable consumers.  (Dkt. No. 1,

24

PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF
THE COURT'S ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS - 1
(Case No. 20-cv-00257 TSZ)

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Complaint ¶¶ 5, 41-60.)   The excessive oil consumption results in insufficient lubricity and corresponding engine damage.   (*Id.* ¶¶ 5, 65-69.)   GM was aware of this defect in the Generation IV Vortec 5300 engines well before it sold Plaintiff's vehicle, but fraudulently concealed the defect from consumers.  (*Id.* ¶¶ 75-107, 193-202.)   Due to GM's concealment, Plaintiff alleges that he did not receive the benefit of his bargain for his 2012 Silverado.  (*Id.* ¶¶ 200-02.)

The Court dismissed Plaintiff's fraudulent concealment claim, holding that it was preempted by the Washington Products Liability Act ("WPLA").  (Dkt. No. 33 at 6-8.)  While the Court recognized that the WPLA does not extend to claims based on fraud, the Court found that the heart of Plaintiff's claim is essentially exposure to a dangerous product condition that creates an unreasonable risk of harm, and thus arises out of tort, not contract.  (*Id.* at 7.)  The Court held that the WPLA provides the exclusive remedy for such a claim, and dismissed Plaintiff's fraudulent concealment claim as preempted.  (*Id.* at 8.)  The Court granted Plaintiff leave to replead his fraudulent omission claim as a WPLA claim.  (*Id.*)

## Legal Standard

Motions for reconsideration may be granted upon a showing of manifest error in a prior ruling.  LCR 7(h).

## Argument

Plaintiffs respectfully submit that the Court misunderstood the nature of the fraudulent concealment claim that Plaintiff has alleged.  In doing so, the court conflated Washington jurisprudence regarding whether damages sought for a WPLA claim are "economic loss" damages with the separate issue of whether a claim is a "product liability claim" within the scope of the WPLA.  The analysis applied by the Court does not permit the conversion of claims pleaded as fraud into WPLA claims under these circumstances.  Moreover, to the extent that there is any question as to whether Plaintiff has adequately pleaded a fraud claim that should be excepted from the WPLA, he should be given leave to replead.

PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF
THE COURT'S ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS - 2
(Case No. 20-cv-00257 TSZ)

1

2          In holding that Plaintiff's fraudulent omission claim was preempted by the WPLA, the

3   Court reasoned that the heart of Plaintiff's claim arises out of tort, not contract, because it

4   relates to exposure to a dangerous product condition that poses an unreasonable risk of harm.

5   Applying the "evaluative approach" discussed by the Washington Supreme Court in

6   *Washington Water Power Co. v. Graybar Elec. Co.*, 774 P.2d 1199 (Wash. 1989) and *Touchet*

7   *Valley Grain Growers, Inc. v. Opp & Seibold Gen. Const., Inc.*, 831 P.2d 724 (Wash. 1992),

8   the Court found that the harm alleged by Plaintiff sounded in the safety-insurance policy of tort

9   law, rather than the expectation-bargain policy of contract law.  (Dkt. No. 33, at 7 n.6.)  The

    question of whether a fraud claim arises out of tort or contract law, however, is not

    determinative of whether the claim falls within the scope of the WPLA.

10         The court's analysis conflated two separate issues relating to the WPLA: (1) whether *a*

11  *claim* is a "product liability" claim that is preempted by the WPLA, and (2) whether *the alleged*

12  *harm* is "economic loss," and thus not remediable under the WPLA.   Fraud claims are

    expressly excluded from the WPLA's definition of "product liability claims."   RCW §

13  7.72.010(4).  Accordingly, they are not preempted by the WPLA.  This is true regardless of

14  whether the alleged harm sounds in tort law or contract law.

15         The distinction between these two separate issues is evident from *Graybar*.  In that case,

16  the Washington Supreme Court addressed the separate issues of: (1) "the extent to which the

17  WPLA preempts traditional common law remedies for product-related harms," and (2) "what

18  sorts of damages the WPLA permits product users to recover from manufacturers and other

19  product sellers."   *Graybar*, 774 P.2d at 1202.  As to the first issue, *Graybar* held that the

20  WPLA preempts "product liability claims," as that term is defined in the WPLA.  *Id.* at 1203-

    05.  As noted above, the WPLA's definition of "product liability claim" excludes fraud claims.

21  RCW § 7.72.010(4).   Thus, under the express terms of the WPLA, and the reasoning of

22  *Graybar*, the WPLA does not preempt Plaintiff's fraudulent omission claim.   Plaintiff is

23

24  PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF
    THE COURT'S ORDER GRANTING DEFENDANT'S MOTION TO
    DISMISS - 3
    (Case No. 20-cv-00257 TSZ)

1    unaware of any Washington state case in which a fraud claim was held to be preempted by the
2    WPLA.

3           The second issue that *Graybar* addressed was whether "the damages [plaintiff sought]
4    are the sort for which the WPLA affords a remedy."  774 P.2d at 1205-10.  Looking to the
5    language of the WPLA, the court held that the statute does not provide a remedy for "economic
6    loss."  *Id.* at 1205-7 (citing RCW § 7.72.010(6)).   The court went on to discuss what types of
     harms are properly considered "economic loss."  *Id.* at 1207-10.  The defendants in *Graybar*,
7    seeking to avoid WPLA liability, proposed a broad definition of economic loss, which would
8    have encompassed "all damages to the failure and loss of use of a product."  *Id.*  The plaintiff
9    proposed a more restrictive version, under which a "product's self-inflicted injury" would not
10   be economic loss "if the injury results from a hazardous defect."  *Id.*  In discussing the issue of
11   what sort of harm constitutes an "economic loss," the Court discussed two analytical
12   approaches—the "sudden and dangerous" test and the "evaluative approach."  *Id* at 1210.
     These analyses are intended to help determine whether "a given product injury properly can be
13   characterized as economic loss compensable only in contract, or property damage remediable
14   as a tort."  *Id.* at 1208.

15          In *Touchet Valley Grain Growers*, the Washington Supreme Court expanded on the use
16   of the "sudden and dangerous" test and the "evaluative approach" to determine whether harm is
17   an "economic loss" under the WPLA.  774 P.2d at 833.  Significantly, the "economic loss"
18   analysis discussed in *Graybar* and *Touchet* is only relevant to the issue of whether, under a
     WPLA claim, the WPLA provides a remedy for the alleged damages.  The "economic loss"
19   analysis, including the application of the "sudden and dangerous" test and the "evaluative
20   approach," is not used to determine whether a cause of action is a "product liability claim"
21   within the scope of the WPLA.  Rather, as evident from *Graybar*, the question of whether a
22   cause of action is a "product liability claim" within the scope of the WPLA is determined by

23

24   PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF
     THE COURT'S ORDER GRANTING DEFENDANT'S MOTION TO
     DISMISS - 4
     (Case No. 20-cv-00257 TSZ)

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

looking at the definition of "product liability claims" within the WPLA.  774 P.2d at 1203-05. That definition excludes claims based on "fraud."  RCW § 7.72.010(4).

Neither the WPLA, nor any Washington state case law, invite courts to transform claims pleaded as fraud into WPLA product liability claims.  Thus, *Cashatt v. Ford Motor Company*, 2020 WL 1987077 (W.D. Wash. April 27, 2020), in which the court held that a claim pleaded as fraud was, nevertheless, a product liability claim within the scope of the WPLA, is an outlier and the soundness of its holding is questionable.[1]  But, moreover, the facts of *Cashatt* are distinguishable from those alleged here in a significant way.

In *Cashatt*, plaintiffs alleged that they were injured due to Ford's concealment of a design flaw that causes carbon monoxide to leak into the passenger compartment of their vehicles.  *Id.* at *1.  Specifically, they alleged that they suffered a wide range of symptoms, included headaches and nausea.  *Id.*  The damages they sought arose from these personal injuries.  *Id.*  The *Cashatt* plaintiffs did not seek "benefit of the bargain" damages, which is the measure of fraud damages in Washington.  *See Prescott v. Matthews*, 579 P.2d 407, 409 (Wash. Ct. App. 1978).  Here, Plaintiff alleges benefit of the bargain damages.  (Dkt. No. 1, Complaint, ¶¶ 200-2.)  Thus, while the harm alleged by the plaintiffs in *Cashatt* may have belied their claims of fraud, the same is not true here.  Plaintiff has alleged fraud, and fraud is not covered by the WPLA.  RCW § 7.72.010(4).  To the extent that there is any question as to the contractual nature of Plaintiff's allegations of fraudulent omission, or whether he is alleging economic damages, Plaintiff should be granted leave to replead his fraudulent omission claim and should not be required to turn his claim into a WPLA claim.

//

//

---

[1] In neither of the Washington state cases cited by the *Cashatt* court, *Potter v. Wilbur-Ellis Co.*, 814 P.2d 670 (Wash. Ct. App.  1991) or *Fagg v. Bartells Asbestos Settlement Tr.*, 339 P.3d 207 (Wash. Ct. App. 2014), did the courts convert a fraud claim into a WPLA claim.

PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF
THE COURT'S ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS - 5
(Case No. 20-cv-00257 TSZ)

1

<u>**Conclusion**</u>

2

For the foregoing reasons, the Court should grant reconsideration of its holding that

3

Plaintiff's fraudulent omission claim was preempted by the WPLA and permit Plaintiff to

4

replead that claim.

5

DATED this 16th day of September, 2020.

6

TOUSLEY BRAIN STEPHENS PLLC

7

By: *s/ Kim D. Stephens*
Kim D. Stephens, WSBA #11984

8

Kaleigh N. Powell, WSBA #52684
1700 Seventh Avenue, Suite 2200

9

Seattle, Washington 98101
Telephone:  206.682.5600/Fax: 206.682.2992

10

kstephens@tousley.com
Kpowell@tousley.com

11

12

Adam J. Levitt (admitted pro hac vice)
John E. Trangren (admitted pro hac vice)
Daniel R. Ferri (admitted pro hac vice)

13

DICELLO LEVITT GUTZLER LLC
Ten North Dearborn Street, 11th Floor

14

Chicago, IL  60602
Telephone 312.214.7900

15

alevitt@dicellolevitt.com
jtangren@dicellolevitt.com

16

dferri@dicellolevitt.com

17

W. Daniel "Dee" Miles, III (admitted pro hac vice)
H. Clay Barnett, III (admitted pro hac vice)

18

J. Mitch Williams (admitted pro hac vice)
BEASLEY, ALLEN, CROWN, METHVIN, PORTIS

19

& MILES, P.C.
272 Commerce Street

20

Montgomery, Alabama 36104
Telephone: 334.269.2343

21

Dee.miles@beasleyallen.com
Clay.barnett@beasleyallen.com

22

Mitch.williams@beasleyallen.com

23

*Counsel for Plaintiff and the Proposed Class*

4835-6095-2267, v. 1

24

PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF
THE COURT'S ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS - 6
(Case No. 20-cv-00257 TSZ)