THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLY HARRIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 2:20-CV-00257-TSZ<br><br>STIPULATED PROTECTIVE ORDER |

Disclosure and discovery in the above-captioned action ("Action") are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

The purpose of this Protective Order is to protect discovery material that is confidential or privileged and facilitate the prompt resolution of disputes over confidentiality and privilege, pursuant to the Court's inherent authority, its authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), and the judicial opinions interpreting such Rules.

## I.    CONFIDENTIALITY

1.    <u>Information</u>. "Information" includes the contents of documents and other data, any data and information derived from or associated with documents (whether physical or in electronic format), oral and written testimony, answers to interrogatories, admissions, and data and information derived from objects other than documents, produced or disclosed in these proceedings by any party to the Action, or by any third party (the "Producing Party") to any other party or parties, subject to the provisions in Paragraphs 5 and 6 of this Order (the "Receiving Party").

2.    <u>Confidentiality Designations</u>. This Protective Order covers Information that the Producing Party or any party to the Action ("Designating Party") designates as "Confidential" or "Highly Confidential." Information may be designated as Confidential when: (i) the Designating Party reasonably believes that the Information constitutes, reflects, discloses or contains Information subject to protection under Federal Rule of Civil Procedure 26(c) or other confidential, non-public information; or (ii) the Designating Party reasonably believes that the Information is protected by federal, state, or foreign data protection laws or other privacy obligations, including (but not limited to) consumer and third-party names, such as the first and last names of persons involved in an accident or of other individuals not directly involved in an accident but included in documents related to an accident; Social Security Numbers; health information relating to the past, present or future physical or mental health or condition of an individual; the provision of health care to an individual, or the past, present or future payment for the provision of health care to an individual; driver's license or other identification numbers; personal financial information such as tax information, bank account numbers, and

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

credit card numbers; insurance claim numbers; insurance policy numbers; VIN numbers; or the personal email addresses or other contact information of GM's officers, board members, and employees ("Personal Information"). Information may be designated as "Highly Confidential" when: (i) the Designating Party reasonably believes that the documents or information contain competitively sensitive information regarding trade secrets, product designs or strategies, testing, research, development, technical, marketing, planning, commercial or financial information, or other sensitive information, the disclosure of which to third party competitors may result in commercial harm; or (ii) the Designating Party reasonably believes that the documents or information includes Personal Information. Subject to provisions of Paragraph 3(b), the parties shall make Confidential and Highly Confidential designations in good faith to ensure that only those documents that merit Confidential or Highly Confidential treatments are so designated.

3.    Procedure for Confidentiality Designations.

(a)    *Designation*. To designate Information as Confidential or Highly Confidential, a Designating Party must mark it or identify it on the record as such. Either designation may be withdrawn by the Designating Party. If testimony is orally designated as Confidential or Highly Confidential during the course of a deposition, the court reporter shall transcribe the pages so designated in a separate volume marked accordingly. Any portion of a deposition so designated, or separately bound, shall not be filed with the court, except in accordance with this Protective Order. When notified to do so, persons attending depositions, other than the witness and his or her outside counsel, provided that the witness and his or her outside counsel have signed the appropriate Agreement attached to this Protective Order, must leave the room before any discussion of any designated Information, or any excerpts,

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

summaries, or information derived therefrom, that the person is not entitled under this Protective Order to review.

(b) *Bulk Designation*. To expedite production of potentially voluminous materials, a Producing Party may, but is not required to, produce materials without a detailed confidentiality review, subject to the "claw-back" procedures in Paragraphs 3(f), 9 and 10 of this Protective Order, or as otherwise agreed to. In so doing, the Producing Party may designate those collections of documents that by their nature contain "Confidential" or "Highly Confidential" Information with the appropriate designation notwithstanding that some of the documents within the collection may not qualify for such designation. The materials that may be so designated shall be limited to the types or categories of documents that the Producing Party reasonably believes may contain Confidential or Highly Confidential Information, as defined in Paragraph 2 of this Order. Notwithstanding the foregoing, a Receiving Party may at any time challenge the designation of one or more particular documents as Confidential or Highly Confidential on the grounds that it does not or they do not qualify for such protection. If the Producing Party agrees, it must promptly notify all Receiving Parties that it is withdrawing or changing the designation.

(c) *Marking*. All or any part of a document, tangible object, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated Confidential or Highly Confidential by marking the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the face of the document and each page so designated. With respect to tangible items or electronically stored Information produced in native format, the appropriate legend shall be marked on the face of the tangible item or media containing electronically stored Information, if practicable, or by written notice

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

to the Receiving Party at the time of disclosure, production or filing that such tangible item or media is Confidential or Highly Confidential or contains such Information. Whenever any Information produced as electronically stored information, and designated as Confidential or Highly Confidential, is reduced to a hard-copy or electronic document, such copy shall be marked with the appropriate legend.

(d)     *Redaction*. Any Producing Party may redact from the documents and things it produces any Highly Confidential Information, as defined in Paragraph 2, that the Producing Party claims is irrelevant and nonresponsive (including but not limited to proprietary financial information and information about products or components unrelated to the Action) or that is subject to attorney-client privilege, work-product protection, a legal prohibition against disclosure, or any other privilege or immunity. The Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED," "CBI," "PRIVACY," "PII," "NON-RESPONSIVE," "PRIVILEGED," or a comparable notice. Where a document consists of more than one page, each page on which Information has been redacted shall be so marked. The Producing Party shall preserve an unredacted version of each such document. The process for challenging the designation of redactions shall be the same as the process for challenging the designation of Confidential and Highly Confidential Information set forth in Paragraph 4. If counsel for the Producing Party agrees that Information initially redacted shall not be subject to redaction or shall receive alternative treatment, or if the Court orders that those materials shall not be subject to redaction or shall receive alternative treatment, and the Information is subsequently produced in unredacted form, then that unredacted Information shall bear the legend "Confidential" or

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

"Highly Confidential" and shall continue to receive the protections and treatment afforded to documents bearing those designations.

(e)     *Timing*. Subject to the provisions of Paragraphs 3(f), 9 and 10, documents and other objects must be designated as Confidential or Highly Confidential, and redactions must be applied to Highly Confidential Information, before disclosure. In the event that a Producing Party designates some or all of a witness's deposition testimony as Confidential or Highly Confidential, the specific page and line designations over which confidentiality is claimed must be provided to the Receiving Party within forty-five (45) days of receipt of the final transcript, provided, however, that the Receiving Party will consider reasonable requests for an extension of the deadline. Deposition testimony shall be treated as Highly Confidential pending the deadline.

(f)     *Errors*. Disclosure of Confidential or Highly Confidential Information does not waive the confidential status of such Information. In the event that Confidential or Highly Confidential Information is disclosed without a marking or designation of it as such, the Producing Party or a third-party may thereafter assert a claim or designation of confidentiality, and the Producing Party shall promptly provide replacement media. Thereafter, the Receiving Party must immediately return the original Confidential or Highly Confidential Information and all copies of the same to the Producing Party and make no use of such Information.

4.     <u>Challenges to Confidentiality Designations</u>. Any party may object to the propriety of the designation of specific material as Confidential or Highly Confidential by serving a written objection upon the Designating Party's counsel specifying the specific documents it challenges, by Bates Number, and explaining the basis for each challenge. The Designating Party or its counsel shall thereafter, within fifteen (15) calendar days, respond to

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

such objection in writing by either of the following: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. Counsel may agree to a reasonable extension of the fifteen-day period, if necessary. If the objecting party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the objecting party may move the Court for an order withdrawing the designation as to the specific designation on which the Parties could not agree. On such a motion, the Designating Party shall have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to protection as Confidential or Highly Confidential Information under applicable law. In the event a motion is filed by the objecting party, the Information at issue shall continue to be treated in the manner as designated by the Designating Party until the Court orders otherwise. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a Confidential or Highly Confidential designation by electing not to raise a challenge promptly after the original designation is disclosed and may challenge a designation at such time as the Receiving Party deems appropriate. Each party shall bear its own fees and costs related to any challenges of confidentiality designations under this Protective Order.

5.     <u>Access to Confidential Information</u>. The Receiving Party may share Confidential Information with only the following persons and entities related to the Action:

(a)     The Court and its staff;

(b)     Parties named in the Action or with respect to GM, any employees or former employees engaged in assisting GM's attorneys in the conduct of the Action;

(c)     Parties' counsel and their staff;

STIPULATED PROTECTIVE ORDER - CASE NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

(d)     Counsel (and their staff) for parties to *Siqueiros et al. v. General Motors LLC*, No. 3:16-cv-07244 (N.D. Cal.); *Martell et al. v. General Motors LLC*, No. 3:20-cv-00284 (D. Or.); *Vita et al. v. General Motors LLC*, No. 2:20-cv-01032 (E.D.N.Y.); *Airko Inc. et al. v. General Motors LLC*, No. 1:20-cv-02638; *Tucker et al. v. General Motors LLC*, No. 1:20-cv-254 (E.D. Mo.); *Brame et al. v. General Motors LLC*, No. 2:20-cv-01775 (E.D. Wis.); *Miller et al. v. General Motors LLC*, 3:20-cv-50476 (N.D. Ill.); *Awalt et al. v. General Motors LLC*, 1:21-cv-10111 (D. Mass.) ("Related Actions"), provided that (i) the proposed recipient agrees to be bound by this Order and signs the agreement attached hereto as Appendix A; (ii) the proposed recipient agrees to be bound by any discovery-related or protective Orders, including Federal Rule of Evidence 502(d) Orders that may be entered in the above- captioned case; (iii) counsel for the party that supplies the Confidential Information to such recipient maintains copies of the certificates and a log identifying each such recipient; and (iv) upon a showing by a party that Confidential Information has been used in violation of this Protective Order, counsel shall provide copies of the log and certificate to the Court for *in-camera* review;

(e)     Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, professional jury or trial consultants, and e-discovery, database or coding services retained by counsel, provided that these individuals or an appropriate company official with authority to do so on behalf of the company executes an agreement attached hereto as Appendix A;

(f)     Special masters;

(g)     Mediators;

STIPULATED PROTECTIVE ORDER - CASE NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

(h)     The direct staff of those identified in Paragraphs 5(f) and 5(g), provided they execute an agreement in the form attached hereto as Appendix A;

(i)     Deponents and trial witnesses during a deposition or trial who have a reasonable need to see the Confidential Information in order to provide testimony, provided such witness executes an agreement in the form attached hereto as Appendix A;

(j)     Independent experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the agreement attached as Appendix A.

i.     An independent expert means an individual expert and/or individual independent consultant retained or employed to advise or assist counsel in prosecuting or defending claims in the Action.

ii.     Any person who is a competitor or is currently employed by a direct competitor of any Party named in the Action cannot be retained as an independent expert or continue to serve as an independent expert. Any person who was entitled to view Confidential or Highly Confidential Information solely as an Independent Expert, notwithstanding the fact that he or she is no longer serving as an Independent Expert in the Action, is still bound by all provisions of this paragraph until the final disposition of this Action, or until four years after the independent expert has last reviewed Confidential Information, whichever is earlier.

(k)     Any other person to whom the Producing Party, in writing, authorizes disclosure.

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

6.     <u>Access to Highly Confidential Information</u>. The Receiving Party may share Highly Confidential Information with only the following persons and entities related to the above-captioned case:

(a)     The Court and its staff;

(b)     Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, professional jury or trial consultants, and e-discovery, database or coding services retained by counsel, provided that these individuals or an appropriate company official with authority to do so on behalf of the company executes an agreement attached hereto as Appendix A;

(c)     Special masters, mediators and their staff, provided that such persons execute an agreement attached hereto as Appendix A;

(d)     Counsel in the Action, as well as counsel for parties in the Related Actions, the Receiving Party's external counsel, and a Receiving Party's internal counsel whose primary responsibilities include overseeing litigation in the above- captioned case, and their direct staff;

(e)     Persons who prepared, received, or reviewed the Highly Confidential Information prior to its production and who execute an agreement in the form attached hereto as Appendix A;

(f)     A witness during a hearing, a deposition, or preparation for a deposition who is a current employee of the Party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have specific knowledge of the contents of the documents designated "HIGHLY CONFIDENTIAL";

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

(g)     Independent experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the agreement attached as Exhibit A.

      i.      An independent expert means an individual expert and/or individual independent consultant retained or employed to advise or assist counsel in prosecuting or defending claims in the Action.

      ii.     Any person who is a competitor or is currently employed by a direct competitor of any Party named in the Action cannot be retained as an independent expert or continue to serve as an independent expert. Any person who was entitled to view <u>Confidential and Highly Confidential Information</u> solely as an Independent Expert, notwithstanding the fact that he or she is no longer serving as an Independent Expert in the Action, is still bound by all provisions of this paragraph until the final disposition of this Action, or until four years after the independent expert has last reviewed Highly Confidential Information, whichever is earlier.

(h)     Any other person to whom the Producing Party, in writing, authorizes disclosure.

7.      <u>Use of Confidential and Highly Confidential Information</u>. Counsel for the Parties to whom Confidential and Highly Confidential Information has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Protective Order. Confidential and Highly Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. The parties will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Information, and to prevent unpermitted use

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

or disclosure of any Confidential or Highly Confidential Information they may receive from any person in connection with the Action.

(a) *Restricted to This Proceeding and Related Actions.* Confidential Information and Highly Confidential Information must be used only in this Action, or in any Related Actions, for prosecuting, defending, or attempting to settle the Action or Related Actions and for no other purpose, except that this Protective Order shall not be construed to prohibit GM's disclosure or production of safety-related information to a regulatory agency or governmental entity with an interest in the safety-related information. Information subject to this protective order may only be disclosed to a regulatory agency or governmental entity with an interest in the safety-related information by GM, and such disclosure shall be made pursuant to 49 CFR 512 or similar applicable rules. If other parties to this Protective Order have a reasonable belief that certain documents are safety-related and need to be disclosed to a regulatory agency or governmental entity, they are not prohibited from advising the regulatory agency or governmental entity that they believe such documents were produced in this case, however, any disclosure of such documents shall adhere to the procedure described in this Paragraph.

(b) *Acknowledgement.* Subject to the restrictions contained in Paragraphs 5 and 6, the persons identified in Paragraph 5 may receive or review Confidential Information and the persons identified in Paragraph 6 may receive or review Highly Confidential Information.

(c) *Filings.* Any Party wishing to file a document or paper containing Confidential or Highly Confidential Information shall confer with the Designating Party, in accordance with LCR 5(g)(3)(A), to determine whether the Designating Party will remove the confidential designation,

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the Designating Party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. LCR 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of LCR 5(g)(3)(B), even if it is not the party filing the motion to seal.  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

       i.     A Party may not file in the public record in the Action any Confidential or Highly Confidential Information without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons. Unless otherwise agreed to by the Designating Party or ordered by the Court, all pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that produce, quote, paraphrase, summarize, or otherwise contain information from Confidential or Highly Confidential Information, if filed with the court, shall either be redacted from the court filing (either by redacting the relevant text of the submission or redacting the entirety of any exhibit that has been designated as <u>Confidential and Highly Confidential Information</u>) or may be filed under seal pursuant to the agreements in

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

this Order and the rules governing sealed documents, as set forth in the applicable Local Rules.

(d)     *Hearings.* In the event that a Receiving Party intends to utilize Confidential or Highly Confidential Information during a pre-trial hearing, such Receiving Party shall provide written notice no less than five (5) days prior to the hearing, to the Producing Party and to the Court, except that shorter notice may be provided if the Receiving Party could not reasonably anticipate the need to use the document at the hearing five (5) days in advance, in which event notice shall be given immediately upon identification of that need. The use of such Confidential or Highly Confidential Information during the pre- trial hearing shall be determined by agreement of the parties or by Order of the Court. Confidential or Highly Confidential information will retain its confidential status even if used at hearings.

(e)     *Trial*. The use of Confidential or Highly Confidential Information during the trial shall be determined by Order of the Court. Confidential or Highly Confidential information will retain its confidential status even if used at trial.

(f)     *Subpoena by Other Courts or Agencies*. If a Party or their counsel receive a discovery request for or if another court or an administrative agency subpoenas or otherwise orders production of Confidential or Highly Confidential Information that any Party or other person has obtained under the terms of this Order, the Party or other person to whom the subpoena or other process is directed must notify the Producing Party in writing within five (5) days of all of the following: (a) the discovery materials that are requested for production in the subpoena; (b) the date by which compliance with the subpoena is requested; (c) the location at which compliance with the subpoena

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

is requested; (d) the identity of the party serving the subpoena; and (e) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the relevant action, administrative proceeding, or other proceeding in which the subpoena or other process has been issued. The Party subject to such discovery request or subpoena shall not produce or disclose the Confidential or Highly Confidential Information absent the written consent of the Party or third party whose Confidential or Highly Confidential Information is sought or if a court of competent jurisdiction orders the production. Further, the party or person receiving the subpoena or other process will cooperate with the Producing Party in any proceeding related thereto. The Producing Party will bear the burden and all costs of opposing the subpoena on grounds of confidentiality.

(g)     *A Non-Party's Protected Material Sought To Be Produced In This Litigation.*

i.     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such Information produced by Non-Parties in connection with the Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

ii.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Confidential or Highly Confidential Information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Confidential or Highly Confidential Information, then the Party shall: (1) promptly

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non- Party.

iii.      If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non- Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Confidential and Highly Confidential Information.

iv.      With respect to any document or information or other material that is produced or disclosed by any third party without a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," any Party may designate such material as Confidential or Highly Confidential within thirty (30) calendar days of actual knowledge of the production or disclosure of the material, or such other time as may be agreed upon by the Parties. Parties may designate such material by sending written notice of a designation to all other Parties in possession or custody of such previously undesignated material. The Designating

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

Party shall either provide the Bates number(s) of the material in the written notice or provide a copy of the designated material bearing the appropriate legend. Within thirty (30) calendar days of receipt of such notice, or such other time as may be agreed upon by the Parties, any Party receiving such notice or copy of the designated material pursuant to this subparagraph shall return to the Designating Party all undesignated copies of such material in their custody or possession, shall inform the Designating Party that all undesignated copies of such material in their custody or possession have been discarded, or shall affix the legend to all copies of such designated material in their custody or possession. Upon notice of designation pursuant to this Paragraph, the Parties also shall: (i) make no further disclosure of such designated material or information contained therein, except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated material of the terms of this Protective Order; and (iii) take reasonable steps to reclaim any such designated material in the possession of any person not permitted access to such information under the terms of this Protective Order. No Party shall be deemed to have violated this Order for the sole reason that such material has been disclosed or used in a manner inconsistent with the subsequent designation, prior to notification of the subsequent designation.

(h)     *Specific Restrictions.* Confidential or Highly Confidential Information may not be posted on any website or internet accessible document repository except for a hosting vendor website that is accessible only to the Receiving Party's counsel. Receiving Parties shall not under any circumstance

STIPULATED PROTECTIVE ORDER - CASE NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

sell, offer for sale, advertise, or publicize the Confidential or Highly Confidential Information or the fact that such persons have obtained a party's Confidential or Highly Confidential Information.

(i)      *Unauthorized Disclosure.* If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential and Highly Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the agreement attached as Exhibit A

8.      <u>Return of Discovery Materials</u>. Within ninety (90) days of the termination of any party from all proceedings related to the above-captioned case, that party, its employees, attorneys, consultants and experts must destroy or return (at the election of the Receiving Party) all originals and/or copies of documents with Confidential Information or Highly Confidential Information; provided, however, that the obligation to destroy or return such documents that is imposed on counsel, consultants and experts representing multiple parties shall not occur until the last of their represented parties has been terminated from the foregoing referenced proceedings. At the written request of the Producing Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, related to or containing discovery materials produced by the Producing Party (the "Discovery Materials") shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all Discovery Materials (except for privileged communications, work product and court- filed documents, as stated above) have been destroyed or delivered to the Producing Party in accordance with the terms of this

STIPULATED PROTECTIVE ORDER - CASE NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

Protective Order. A Receiving Party is permitted to retain a list of the documents by Bates Number that are produced by a Producing Party under this Protective Order.

## II.   PRIVILEGES

9.      <u>No Waiver by Disclosure.</u>

(a)      This Protective Order is entered, *inter alia*, pursuant to Rule 502(d) of the Federal Rules of Evidence. If a Producing Party discloses Information in connection with the Action that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding.

(b)      A Producing Party may assert in writing attorney-client privilege or work product protection with respect to Disclosed Protected Information. The Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with sub-paragraph (c)—within five (5) business days of receipt of that writing, (i) return or destroy all copies of the Disclosed Protected Information, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed. Within five (5) business days of receipt of the notification that the Disclosed Protected Information has been returned or destroyed, the Producing Party must produce a privilege log with respect to the Disclosed Protected Information.

STIPULATED PROTECTIVE ORDER - CASE NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

(c)     If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within fifteen (15) business days of receipt of the claim of privilege or protection—move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion"). The Receiving Party must seek to file the Disclosure Motion under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure, and may not disclose, rely on or refer to any of the Disclosed Protected Information. Pending resolution of the Disclosure Motion, the Receiving Party must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

(d)     The parties may stipulate to extend the time periods set forth in sub-paragraphs (b) and (c).

(e)     Disclosed Protected Information that is sought to be reclaimed by the parties to this case pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

(f)     The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information.

(g)     If the Court sustains the claim that the material disclosed, exchanged, produced, or discussed is Privileged Material, the Receiving Party must, within ten (10) days of the Court's order, promptly return and/or destroy the material and all the privileged or work product-protected material. The

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

Receiving Party shall advise the Producing Party in writing of the return and/or destruction

10.     <u>Receiving Party's Obligation</u>. Nothing in this Order shall relieve counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court, regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so. Rather, in the event a Receiving Party becomes aware that it is in possession of what appears to be privileged documents or materials, then counsel for the Receiving Party shall immediately (i) cease any further review or use of that document or material, and (ii) notify the Producing Party of the apparent production of Disclosed Protected Information, requesting whether the documents or materials are Disclosed Protected Information. In the event the Producing Party confirms the documents or material are Disclosed Protected Information, the Receiving Party shall (i) promptly return or destroy all copies of the Disclosed Protected Information in its possession and (ii) take reasonable steps to retrieve all copies of the Disclosed Protected Information distributed to other counsel or non-parties. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed privileged information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the privileged information, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute an agreement in the form attached hereto as Appendix A.

11.     <u>Privilege Log Production.</u>

(a)     Unless otherwise provided in this Order, any document falling within the scope of any request for production or subpoena that is withheld on the basis of a claim of attorney-client privilege, work product, or any other

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

claim of privilege or immunity from discovery is to be identified by the Producing Party on a privilege log, which the Producing Party shall produce in an electronic format that allows text searching within sixty (60) days of the production of underlying documents. For administrative purposes, an e-mail thread contained within a single document need only be recorded once on the Producing Party's privilege log, even if a privilege is asserted over multiple portions of the thread. Redacted documents need not be logged, provided that: (a) for emails, the bibliographic information (i.e. to, from, cc, bcc, recipients, date and time) is not redacted, and the reason for the redaction is noted on the face of the document; and (b) for non- email documents, the reason for the redaction is noted on the face of the document. Documents that are redacted shall be identified as such in a "redaction" field in the accompanying data load file.

(b)     Privilege log identification is not required for work product created by counsel, or by an agent of counsel other than a party, after December 19, 2016, or for *post*-December 2016 communications exchanged between or among (i) the Producing Party and their counsel; (ii) counsel for the Producing Party; (iii) counsel for Plaintiffs; and/or (iv) counsel for Defendant. Privilege log identification is also not required for (i) communications between a Producing Party and its counsel in proceedings other than those related to the above- captioned case; (ii) work product created by a Producing Party's counsel, or by an agent or contractor of counsel other than the Producing Party, in proceedings other than the above-captioned case; (iii) internal communications within (A) a law firm representing a party, or (B) a legal department of a party that is a corporation or another organization.

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

(c)      In order to avoid unnecessary cost, the parties are encouraged to identify categories of privileged Information that may be logged categorically rather than document-by-document. *See* Advisory Committee Note to Fed. R. Civ. P. 26(b)(5) (1993). The parties shall meet and confer on this issue and raise with the Court either:

i.      agreements reached with respect to documents that the parties have agreed to log by category, or

ii.      proposals for logging other than document-by-document that have been proposed by one or more Producing Parties, but which have not been agreed to by the Receiving Parties. The parties should keep in mind that the Court's intention is to enable the parties to minimize the cost and resources devoted to privilege logging, while enabling the Court and Receiving Party to assess the assertions of privilege made by the Producing Party.

## III.    MISCELLANEOUS

12.    <u>Violations of the Protective Order by a Receiving Party</u>. In the event that any person or party violates the terms of this Protective Order, the aggrieved Producing Party should apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order. In the event that the aggrieved Producing Party seeks injunctive relief, it must direct the petition for such relief to this Court. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

13.    <u>Violations of the Protective Order by Disclosure of Personal Information</u>. In the event that any person or party violates the terms of this Protective Order by disclosing Confidential Personal Information or Highly Confidential Information relating to an individual

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

third party, as defined in Paragraph 2 of this Order, or in the event that any person or party breaches the terms of the Protective Order in a manner that requires disclosure to a third party under pertinent privacy laws or otherwise, it shall be the responsibility of the breaching party to contact that third party and to comply with any laws or regulations involving breaches of Personal Information.

14.     <u>Protective Order Remains in Force</u>. This Protective Order shall remain in force and effect until modified, superseded, or terminated by order of the Court made upon reasonable written notice. Unless otherwise ordered, or agreed upon by the parties, this Protective Order shall survive the termination of these Actions. The Court retains jurisdiction even after termination of these Actions to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

15.     <u>Modification of Order.</u> This Protective Order may be modified or amended either by written agreement of the Parties submitted to the court for approval or by Order of the Court upon good cause shown.

Dated this 12th day of February, 2021.

| SCHWABE, WILLIAMSON & WYATT, P.C. | CROWELL & MORING LLP |
|---|---|
| By: /s/ Jennifer L. Campbell<br>Jennifer L. Campbell, WSBA #31703<br>E-Mail: jcampbell@schwabe.com<br>1420 5th Avenue, Suite 3400<br>Seattle, WA  98101-4010<br>*Attorneys for Defendant General Motors LLC* | By: /s/ Kathleen Taylor Sooy<br>Kathleen Taylor Sooy, Bar #430781<br>E-mail: ksooy@crowell.com<br>April N. Ross, Bar #500488<br>E-Mail: aross@crowell.com<br>*Attorneys Admitted Pro Hac Vice for Defendant General Motors LLC* |
| TOUSLEY BRAIN STEPHENS PLLC | DICELLO LEVITT GUTZLER LLC |
| By: /s/ Kim D. Stephens<br>Kim D. Stephens, WSBA #11984<br>E-Mail: kstephens@tousley.com | By: /s/ Daniel R. Ferri<br>Adam J. Levitt, Bar #6216433<br>E-Mail: alevitt@dicellolevitt.com |

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

| | |
|---|---|
| Kaleigh Powell, WSBA #52684<br>E-Mail: kpowell@tousley.com<br>1700 Seventh Avenue, Suite 2200<br>Seattle, WA 98101<br>*Attorneys for Plaintiff and the Proposed Class* | John E. Tangren, Bar #6279906<br>E-Mail: jtangren@dicellolevitt.com<br>Daniel R. Ferri, Bar #6306286<br>E-Mail: dferri@dicellolevitt.com<br>Ten North Dearborn Street, 6th Floor<br>Chicago, IL 60602<br>*Attorneys Admitted Pro Hac Vice for<br>Plaintiff and the Proposed Class* |
| BEASLEY, ALLEN, CROW, METHVIN,<br>PORTIS & MILES, P.C.<br><br>By: /s/ H. Clay Barnett<br>W. Daniel "Dee" Miles, III, Bar #7656-M75W<br>E-Mail: Dee.Miles@BeasleyAllen.com<br>H. Clay Barnett, III, Bar #4878-N68B<br>E-Mail: Clay.Barnett@BeasleyAllen.com<br>J. Mitch Williams, Bar #8560-X19D<br>E-Mail: Mitch.Williams@BeasleyAllen.com<br>Leslie L. Pescia, Bar #0224-u14e<br>Leslie.Pescia@BeasleyAllen.com<br>272 Commerce Street<br>Montgomery, AL 36104<br>*Attorneys Admitted Pro Hac Vice for Plaintiff<br>and the Proposed Class* | |

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

**SO ORDERED**:

Dated this 19th day of February, 2021.

Thomas S. Zilly
United States District Judge

Presented by:

| SCHWABE, WILLIAMSON & WYATT, P.C. | CROWELL & MORING LLP |
|---|---|
| By: /s/ Jennifer L. Campbell<br>Jennifer L. Campbell, WSBA #31703<br>E-Mail: jcampbell@schwabe.com<br>1420 5th Avenue, Suite 3400<br>Seattle, WA  98101-4010<br>*Attorneys for Defendant General Motors LLC* | By: /s/ Kathleen Taylor Sooy<br>Kathleen Taylor Sooy, Bar #430781<br>E-mail: ksooy@crowell.com<br>April N. Ross, Bar #500488<br>E-Mail: aross@crowell.com<br>*Attorneys Admitted Pro Hac Vice for*<br>*Defendant General Motors LLC* |
| TOUSLEY BRAIN STEPHENS PLLC | DICELLO LEVITT GUTZLER LLC |
| By: /s/ Kim D. Stephens<br>Kim D. Stephens, WSBA #11984<br>E-Mail: kstephens@tousley.com<br>Kaleigh Powell, WSBA #52684<br>E-Mail: kpowell@tousley.com<br>1700 Seventh Avenue, Suite 2200<br>Seattle, WA 98101<br>*Attorneys for Plaintiff and the Proposed Class* | By: /s/  Daniel R. Ferri<br>Adam J. Levitt, Bar #6216433<br>E-Mail: alevitt@dicellolevitt.com<br>John E. Tangren, Bar #6279906<br>E-Mail: jtangren@dicellolevitt.com<br>Daniel R. Ferri, Bar #6306286<br>E-Mail: dferri@dicellolevitt.com<br>Ten North Dearborn Street, 6th Floor<br>Chicago, IL 60602<br>*Attorneys Admitted Pro Hac Vice for*<br>*Plaintiff and the Proposed Class* |

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.

By: /s/ H. Clay Barnett
W. Daniel "Dee" Miles, III, Bar #7656-M75W
E-Mail: Dee.Miles@BeasleyAllen.com
H. Clay Barnett, III, Bar #4878-N68B
E-Mail: Clay.Barnett@BeasleyAllen.com
J. Mitch Williams, Bar #8560-X19D
E-Mail: Mitch.Williams@BeasleyAllen.com
Leslie L. Pescia, Bar #0224-u14e
Leslie.Pescia@BeasleyAllen.com
272 Commerce Street
Montgomery, AL 36104
*Attorneys Admitted Pro Hac Vice for Plaintiff
and the Proposed Class*

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

**APPENDIX A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY HARRIS, individually and on behalf
of all others similarly situated,

          Plaintiff,

v.

GENERAL MOTORS LLC, a Delaware
limited liability company,

          Defendant.

Case No. 2:20-CV-00257-TSZ

**AGREEMENT**

    I hereby certify that I have read the Order Protecting Confidentiality ("Order") entered in the above-captioned action ("Action") and that I understand the terms thereof. I agree to be bound by the Order. If I receive documents or information designated as Confidential or Highly Confidential, as those terms are defined in the Order, I understand that such information is provided to me pursuant to the terms and restrictions of the Order. I agree to hold in confidence and not further disclose or use for any purpose, other than as permitted by the Order, any information disclosed to me pursuant to the terms of the Order. I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Order and agree to accept service of process in connection with this Action or any proceedings related to enforcement of the Order by certified letter, return receipt requested, at my principal residence, in lieu of personal service or other methods of service.

    I understand that these certifications are strictly confidential, that counsel for each party are maintaining the certifications without giving copies to the other side, and that the parties expressly agreed and the Court ordered that except in the event of a violation of this Order, the parties will make no attempt to seek copies of the certifications or to determine the identities of persons signing them. I further understand that if the Court should find that any disclosure

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only, and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

Dated: _____ By: _____
                                                                    (Signature)

                                                                    _____
                                                                    (Typed or printed name)


                                                                    _____
                                                                     (Address)

Sworn to and subscribed before me
this _____ day of _____, 20__


_____
Notary Public
My commission expires: _____

STIPULATED PROTECTIVE ORDER - CASE
NO. 2:20-CV-00257-TSZ

CROWELL & MORING, LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711